# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| VERLYN HARRIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS SERVICING; BANK OF AMERICA, N.A.; BAC HOME LOAN SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; RECONTRUST as TRUSTEE; MATHESON, MORTENSEN, et al.; and DOES 1-500,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case No. 2:11-cv-626-CW-PMW<br><br><br><br><br><br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP, and erroneously sued herein as "Countrywide Home Loans Servicing"; ReconTrust Company, N.A.; Mortgage Electronic Registration Systems, Inc.; and Matheson, Mortenson, Olsen & Jeppson's (collectively, "Defendants") motion

---

[1] *See* docket no. 16.

to dismiss.[2] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

Defendants' motion to dismiss was filed on July 26, 2011.[3] Verlyn Harris ("Plaintiff") has failed to file any opposition to the motion, and the time for doing so passed long ago. *See* Fed. R. Civ. P. 6; DUCivR 7-1(b)(4)(A). Given that Defendants' motion appears to be well taken and is unopposed, it should be granted, and Plaintiff's complaint should be dismissed with prejudice. *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court[] granting the motion without further notice.").

Furthermore, the court has carefully reviewed Defendants' memorandum in support of their motion to dismiss. Based on that review, the court has determined that the arguments presented by Defendants are meritorious, which provides additional support for the court's conclusion that Defendants' motion to dismiss should be granted.

As part of their motion to dismiss, Defendants request that the court order the release of any lis pendens filed by Plaintiff in connection with this action. The court should order such a release if "the court finds that [Plaintiff] has not established by a preponderance of the evidence the probable validity of the real property claim that is the subject of the notice." Utah Code

---

[2] *See* docket no. 7. Although Matheson, Mortenson, Olsen & Jeppson did not file its own motion to dismiss, it did file a notice of joinder in the motion to dismiss before the court. *See* docket no. 19. Accordingly, the court considers the motion as being brought by all Defendants.

[3] *See* docket no. 7.

§ 78B-6-1304(2)(b). The court has concluded that Defendants' motion to dismiss should be granted and that Plaintiff's complaint should be dismissed with prejudice. Accordingly, Plaintiff has no basis for a lis pendens, and any such lis pendens that has been filed in connection with this action should be released from the public record. *See id*.

Defendants also request that they be allowed to file a motion for attorney fees and costs if the court dismisses Plaintiff's complaint and orders that any lis pendens be released from the public record. The court concludes that Defendants' request should be denied.

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' motion to dismiss[4] be **GRANTED** and Plaintiff's complaint be dismissed with prejudice.

2. The court order that any lis pendens Plaintiff has filed in connection with this action be released from the public record.

3. Defendants' request that they be allowed to file a motion for attorney fees and costs be **DENIED**.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after

---

[4] *See* docket no. 7

receiving it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 20th day of October, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge